In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00207-CR


______________________________




CORY JOE LOCKE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 354th Judicial District Court


Hunt County, Texas


Trial Court No. 23,057




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Cory Joe Locke, having been convicted by a jury of murder and sentenced by the trial court
to fifty years' imprisonment, files this appeal. We affirm the judgment.

 In addition to the conviction of murder, Locke was also convicted in the same trial of 
aggravated kidnapping, aggravated robbery with a deadly weapon, and burglary of a habitation, for
which he was sentenced to imprisonment of twenty years, twenty years, and ten years, respectively.

 In a day of mayhem, Locke, Dena Eve Waldon (Locke's girlfriend), and James Paul "Bo"
Russell, Jr., went to the home of Michael Patrick Bates during the daylight hours and burglarized the
residence. That evening, they took James Michael Nunnenkamp from his home at gunpoint and
drove him close to Bates's home, where they struck Nunnenkamp with a shotgun and then took his
wallet before releasing him. Continuing their spree, the trio returned to Bates's home, where they
slew Bates with the shotgun with which they had struck Nunnenkamp. 

 The State elected to pursue all of the four cases arising from this series of events in one trial. 
After the evidence had been presented, the trial court had four separate charges for the above
offenses to present to the jury. Although it is difficult to determine from the record precisely what
occurred, it appears that the trial court read the jury charge for the murder case in its entirety, but did
not repeat the redundancies contained in the other three charges. Instead, the trial court did not read
portions of the charges which were worded identically with the charge on the murder case and read
only the parts of the other jury charges which differed with the first charge which had been read. 

 The jury deliberated, and the trial court read its verdicts. In this case, the trial court read
"Cause No. 23, 058, we the Jury find beyond a reasonable doubt the Defendant, Cory Joe Locke, is
guilty of aggravated kidnap[p]ing as charged in the indictment." The trial court performed similarly
as to each of the other three charges, reading precisely the finding for each charge. 

 Locke then requested that the jury be polled. The trial court responded, "All right. I will poll
the jury. I will go down the line and ask each one of you if you voted the guilty verdict as read by
the court. Starting on the front row. Ma'am?" There were then twelve affirmative responses. The
trial court then stated, "All right. Let the record reflect that all twelve jurors have indicated verbally
that they did vote for the verdict as announced by the Court."

 Locke has appealed all four convictions separately, filing one brief pertaining to his points
of error in all four cases. In that brief, Locke raises two points of error: (1) that the trial court failed
to read the charge to the jury and (2) that the trial court failed to properly poll the jury. However,
because the trial court did read the jury the entire charge which pertains to the murder case, that point
of error plainly does not pertain to the conviction in this case and we find no error as to that issue. Since the arguments and briefs regarding the failure of the trial court to properly poll the jury
are identical to those in Locke v. State, cause number 06-06-00210-CR, and for the reason stated in
that opinion, we likewise resolve the issues in this appeal in favor of the State.

 We affirm the judgment of the trial court.



 Bailey C. Moseley

 Justice


Date Submitted: June 22, 2007

Date Decided: July 3, 2007


Do Not Publish